# United States Court of Appeals for the Federal Circuit

2007-7002

SANDIE V. GARRISON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kara F. Stoll, Finnergan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, DC, argued for claimant-appellant. On the brief was Mark R. Lippman, The Veterans Law Group, of La Jolla, California.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Michelle Doses Bernstein, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

# United States Court of Appeals for the Federal Circuit

2007-7002

SANDIE V. GARRISON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

DECIDED: July 25, 2007

Before SCHALL, BRYSON, and LINN, Circuit Judges.

SCHALL, Circuit Judge.

Veteran Sandie V. Garrison appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans' Appeals ("Board") denying him a rating in excess of ten percent for his ankle disability. Garrison v. Nicholson, No. 05-0808, 2006 WL 2564296 (Vet. App. Aug. 31, 2006). In its decision, the Veterans Court reviewed, as a question of fact under a clearly erroneous standard of review, the Board's finding that, in the course of considering Mr. Garrison's claim, the Department of Veterans Affairs ("VA") complied with the notice provisions of 38 U.S.C. § 5103(a). Id. at *1. On appeal, Mr. Garrison argues that the court should have reviewed the Board's finding de novo because it presented either a question of law or a mixed question of law and fact. Because we

hold that the Veterans Court applied the correct standard of review, we affirm the court's decision.

## BACKGROUND

While serving on active duty in the military from May 1981 to May 1984, Mr. Garrison injured his right ankle. Subsequently, in a December 1998 rating decision, the VA granted service connection for the ankle disability, but rated the disability as noncompensable from March 10, 1992. In April of 1999, Mr. Garrison appealed the noncompensable rating, requesting a compensable rating effective March 10, 1992. In August of 2000, the Board determined that a ten percent disability rating was warranted from March 10, 1992, to March 27, 1995, but that a noncompensable rating was warranted from March 28, 1995. Mr. Garrison appealed the Board's decision to the Veterans Court.

In May of 2001, the Veterans Court granted an unopposed motion to vacate the Board's decision and to remand the case to the Board due to the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (codified at 38 U.S.C. § 5103(a) (2000)) ("VCAA"). In September of 2003, the Board remanded the case to the Regional Office ("RO") for VCAA compliance and for the RO to consider additional evidence submitted by Mr. Garrison.

On May 17, 2004, the VA sent Mr. Garrison a VCAA notice letter informing him that the VA was working on his appeal for service-connected compensation benefits for his right ankle disability and that the VA needed additional information or evidence from him. The record does not indicate whether Mr. Garrison responded to this notice letter. Subsequently, in a September 2004 rating decision, the RO granted a ten percent

2007-7002                                     2

disability rating from March 28, 1995. Mr. Garrison appealed the RO's decision to the Board. On February 15, 2005, the Board concluded that a rating in excess of ten percent was not warranted and found that the VA had "made all reasonable efforts to assist the appellant in the development of his claim and has notified him of the information and evidence necessary to substantiate his claim." Mr. Garrison timely appealed the Board's decision to the Veterans Court. On appeal, he argued that the rating decision was defective because the VA's May 17, 2004 VCAA notice letter failed to comply with the notice requirements of 38 U.S.C. § 5103(a). Section 5103(a) provides:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103A of this title and any other applicable provisions of law, will attempt to obtain on behalf of the claimant.

In its August 31, 2006 decision, the Veterans Court reviewed, as a question of fact under the clearly erroneous standard of review, the Board's finding that the VA's May 17, 2004 letter to Mr. Garrison complied with the notice requirements of section 5103(a). The Veterans Court determined that the Board's finding was "not clearly erroneous." Accordingly, the court affirmed the Board's decision denying a rating in excess of ten percent for Mr. Garrison's ankle disability and entered judgment on September 25, 2006.

After judgment was entered, Mr. Garrison filed a timely notice of appeal. We have jurisdiction over Mr. Garrison's appeal pursuant to 38 U.S.C. § 7292.

DISCUSSION

I.

Our authority to review decisions of the Veterans Court is governed by statute. Pertinent to this case, pursuant to 38 U.S.C. § 7292(c), we have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." At the same time, pursuant to 38 U.S.C. § 7292(d), we are charged with deciding "all relevant questions of law, including interpreting constitutional and statutory provisions."

On appeal, Mr. Garrison asserts that the Veterans Court committed legal error by applying the clearly erroneous standard of review to the Board's finding of VCAA compliance. Mr. Garrison contends that the Veterans Court should have reviewed the Board's finding de novo as a question of law or as a mixed question of law and fact. Because Mr. Garrison challenges the Veterans Court's ruling that compliance with 38 U.S.C. § 5103(a) is a question of fact, his appeal presents a question of law. His appeal is thus within the scope of our jurisdiction.

II.

A.

The parties do not dispute that the correct standard of review hinges on whether the Board's finding of VCAA compliance is classified as a question of law, a question of fact, or a mixed question of law and fact. Pursuant to 38 U.S.C. § 7261(a), the Veterans Court reviews questions of law de novo, questions of fact for clear error, and certain other issues under the "arbitrary, capricious, abuse of discretion, not otherwise in

accordance with law" standard.[1]

Mr. Garrison's contention on appeal is that because "whether the record as a whole shows adequate compliance with the statutory process implicates broader legal principles characteristic of questions of law," the Veterans Court erred in employing the clearly erroneous standard of review in reviewing the Board's finding that the VA complied with the notice requirements of section 5103(a). In support of his contention, Mr. Garrison looks to Bagby v. Derwinski, 1 Vet. App. 225, 227 (1991), in which the Veterans Court applied a two-step analysis in order to determine the applicability of the presumption of soundness,[2] a mixed question of law and fact. In Bagby, the Veterans Court explained that even though the underlying determinations regarding the

---

[1]     Section 7261(a) provides, in relevant part:

(a) In any action brought under this chapter, the Court of Appeals for Veterans Claims, to the extent necessary to its decision and when presented, shall—
   (1) decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary;
   . . . .
   (3) hold unlawful and set aside decisions, findings (other than those described in clause (4) of this subsection), conclusions, rules, and regulations issued or adopted by the Secretary, the Board of Veterans' Appeals, or the Chairman of the Board found to be—
      (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
   . . . .
   (4) in the case of a finding of material fact adverse to the claimant made in reaching a decision in a case before the Department with respect to benefits under laws administered by the Secretary, hold unlawful and set aside or reverse such finding if the finding is clearly erroneous.

[2]     Generally, veterans are presumed to have entered service in sound condition, but this presumption may be rebutted "where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and

presumption of soundness are factual, "whether those facts are sufficient to satisfy the statutory requirement that clear and unmistakable evidence be shown is a legal determination subject to de novo review." Id. at 227. Mr. Garrison additionally argues that the Board is not in a better position than the Veterans Court to objectively assess whether the core purpose of section 5103(a) has been satisfied.

Finally, Mr. Garrison attempts to distinguish Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006), which was relied on by the Veteran Court in this case. In Mayfield, we held, based on Securities & Exchange Commission v. Chenery Corp., 318 U.S. 80, 87 (1943) ("Chenery I"), and Securities & Exchange Commission v. Chenery Corp., 332 U.S. 194, 196 (1947) ("Chenery II"), that the Veterans Court may not affirm a Board determination of section 5103(a) compliance on grounds not stated by the Board. Mayfield, 444 F.3d at 1334. We stated that "the determination by the Veterans Court that the March 15, 2001, letter to Mrs. Mayfield satisfied the statutory and regulatory notification requirements was a substantially factual determination of the type that should have been made by the agency in the first instance." Id. at 1336 (emphasis added). Mr. Garrison urges, however, that Mayfield only stands for the proposition that the Chenery principle[3] applies to VCAA compliance determinations. According to Mr. Garrison, Mayfield does not speak to the issue of the standard of review to be applied to a finding by the Board that the VA complied with the notice requirements of section 5103(a).

_____

(Cont'd. . . .)
enrollment and was not aggravated by such service." 38 U.S.C. § 1111.
    [3]     The Chenery principle precludes judicial affirmance of an agency order or determination for reasons other than those stated by the agency. Chenery I, 318 U.S. at 87.

The government responds that Mr. Garrison's narrow interpretation of Mayfield ignores this court's statement that compliance with section 5103(a) is a "substantially factual determination." Additionally, the government directs our attention to Lennox v. Principi, 353 F.3d 941 (Fed. Cir. 2003), in which we addressed the standard of review for the Veterans Court's review of a Board finding of service connection or lack thereof.[4] In Lennox, we explained that a finding of service connection is "a finding that is treated as factual in nature when it involves applying established law to the facts at issue without creating legal precedent." 353 F.3d at 945. According to the government, the Board applies the same analysis (i.e., "applying established law to the facts at issue without creating legal precedent") in making VCAA compliance determinations. Thus, the Board's finding is factual in nature. Furthermore, the government argues, the Board, as a fact finder, is in a better position than the Veterans Court to make a VCAA compliance determination based on its assessment of the information provided to the claimant in light of the particular circumstances of his or her claim.

### B.

We hold that the Veterans Court applied the correct standard of review—that is, the Veterans Court properly reviewed under a clearly erroneous standard of review the Board's finding that the VA complied with the notice provisions of 38 U.S.C. § 5103(a). We thus affirm the Veterans Court's affirmance of the Board's decision denying a rating in excess of ten percent for Mr. Garrison's ankle disability.

---

[4] 38 U.S.C. §§ 1110 and 1131 grant veterans disability compensation for service-connected injuries occurring in wartime and peacetime.

We agree with the government that whether, in a given case, the VA has complied with the notice requirements of section 5103(a) is a factual issue. Mr. Garrison's argument that Mayfield only stands for the proposition that, under Chenery I and II, the Board, in the first instance, should make a VCAA compliance determination ignores our statement in Mayfield that the determination is "substantially factual." We reject Mr. Garrison's contention that the determination could be characterized as "substantially factual" for the purpose of determining whether the Chenery principle applies, but not for the purpose of determining the proper standard of review. It would be inconsistent for us to have previously characterized the VCAA compliance determination as "substantially factual," but reject this characterization now.

Moreover, we find the reasoning in Lennox persuasive. In Lennox, we explained that the clearly erroneous standard applies to "the [Board's] determination of disputed facts or the application of established law to the facts of a particular case without creating precedent." 353 F.3d at 945. Here, the Board's determination as to whether the VA complied with the notice requirements of section 5103(a) is analogous to a Board determination regarding service connection. In the present case, as in Lennox, there is no claim that the Board was interpreting a statute. 353 F.3d 946. Nor was the Board establishing a legal rule to be applied to similar fact situations in future cases. To determine VCAA compliance, the Board merely applied established law to the facts of this case without creating or modifying the governing legal rule.

In sum, because determining compliance with 38 U.S.C. § 5103(a) is a fact issue, the Veterans Court did not err in applying the clearly erroneous standard of review to the Board's determination in this case.

## CONCLUSION

For the foregoing reasons, the decision of the Veterans Court affirming the Board's decision denying a rating in excess of ten percent for Mr. Garrison's ankle disability is affirmed.

### AFFIRMED