Maria R. **BAUTISTA,** Claimant–
Appellant,

v.

James B. **PEAKE,** M.D., Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 2007–7202.

United States Court of Appeals,
Federal Circuit.

Jan. 10, 2008.

Maria R. Bautista, pro se.

Before MICHEL, Chief Judge,
LOURIE and LINN, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to summarily affirm the judgment of the United States Court of Appeals for Veterans Claims ("CAVC") in *Bautista v. Nicholson,* No. 05–0473. Maria R. Bautista has not responded.

Bautista is the surviving wife of Valeriano C. Bautista, who served as a recognized guerilla in the Philippines between June 1945 and January 1946. He passed away in September 1986 from cardio-pulmonary arrest. His death certificate indicated that pulmonary tuberculosis was a contributing factor in his death. In November 2001, Bautista filed a claim for dependency and indemnity compensation. In January 2005, the Board of Veterans

Appeals denied her claim, finding that the medical records contained no evidence that her husband had pulmonary tuberculosis while he was in service or within three years after his discharge.

Bautista appealed to the CAVC, arguing that the regional office (1) did not comply with 38 U.S.C. § 5103(a) because it failed to inform her who would be responsible for obtaining medical evidence to substantiate her claim; and (2) violated 38 U.S.C. § 5103A(d) by not obtaining a medical opinion regarding her husband's cause of death and its relation to his military service. The CAVC affirmed the Board's decision, concluding that (1) under § 5103(a), the Board's finding that Bautista was provided adequate notice was not clearly erroneous; and (2) under § 5103A(d), the Board's determination that a medical opinion was not necessary in adjudicating Bautista's claim was not arbitrary or capricious. Bautista appeals.

The Acting Secretary moves to summarily affirm the CAVC's decision, arguing that (1) pursuant to *Garrison v. Nicholson*, 494 F.3d 1366 (Fed.Cir.2007), the CAVC correctly applied the "clearly erroneous" standard in concluding that the regional office complied with the notice provisions of § 5103(a); and (2) the CAVC properly concluded that the regional office did not violate § 5103A(d) by not obtaining an additional medical opinion.

Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir.1994). In the present case, it is clear that summary affirmance is warranted.

In *Garrison*, the court affirmed the CAVC's application of the "clearly erroneous" standard of review when reviewing the Board's finding that the Secretary had complied with his § 5103(a) notification requirements. *Garrison*, 494 F.3d at 1370. In *Wells v. Principi*, 326 F.3d 1381, 1384 (Fed.Cir.2003), the court concluded that, where there is no competent evidence to show a connection between a disability and military service, the Secretary is under no obligation to obtain a medical opinion. In light of the above cases, it is clear that the CAVC's decision was correct as a matter of law.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to summarily affirm is granted.

(2) Each side shall bear its own costs.