ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to summarily affirm the judgment of the United States Court of Appeals for Veterans Claims (CAVC) in Pinder v. Nicholson, No. 04-306. James H. Pinder has not responded.
Pinder served on active duty in the U.S. Air Force from July 1956 to August 1965 and in the Air Force Reserves from September 1965 to June 1968. He appealed, through counsel, to the CAVC from a February 2, 2004 decision of the Board of Veterans’ Appeals that denied disability benefits for hypertension, secondary to a service-connected ganglion cyst of the right wrist. On appeal, Pinder argued only that the Secretary had failed to provide adequate notification as to who was responsible for obtaining evidence necessary to substantiate his claim as required by 38 U.S.C. § 5103(a).
In its October 31, 2006 affirmance of the Board’s decision, the CAVC reviewed the Board’s determination regarding the adequacy of section 5103(a) notice under the “clearly erroneous” standard of review. The CAVC determined that there was a plausible basis in the record to support the Board’s conclusion that a May 2001 letter informed Pinder who was responsible for obtaining the evidence was necessary to substantiate his claim. Pinder appealed, seeking review of whether the CAVC applied the appropriate standard of review to the Board’s section 5103(a) determinations.
The Secretary moves to summarily affirm the CAVC’s decision on the ground that Garrison v. Nicholson, 494 F.3d 1366 (Fed.Cir.2007) is . controlling. Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir. 1994). In the present case, it is clear that summary affirmance is warranted.
In Garrison, the court affirmed the Court of Appeals for Veterans Claims’ application of the “clearly erroneous” standard of review when reviewing the Board’s finding that the Secretary had complied with his section 5103(a) notification requirements. Garrison, 494 F.3d at 1370. In light of Garrison, it is clear that the CAVC’s decision was correct as a matter of law.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to summarily affirm is granted.
(2) Each side shall bear its own costs.