ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to summarily affirm the judgment of the United States Court of Appeals for Veter *937 ans Claims (CAVC) in Ligan v. Nicholson, No. 04-2215. Eulogia S. Ligan responds.
Ligan appealed, through counsel, to the CAVC from a September 20, 2004 decision of the Board of Veterans’ Appeals that denied her claim for Department of Veterans Affairs dependency and indemnity compensation, accrued benefits, and death pension benefits. On appeal, Ligan argued only that the Board failed to ensure that the Secretary had complied with his notification requirements pursuant to 38 U.S.C. § 5103(a).
In its November 9, 2006 affirmance of the Board’s decision, the CAVC reviewed the Board’s determination regarding the adequacy of section 5103(a) notice under the “clearly erroneous” standard of review. The CAVC determined that there was a plausible basis in the record to support the Board’s conclusion that a February 2002 letter informed Ligan what information and evidence was necessary to substantiate her claims. Ligan appealed, seeking review, inter alia, of whether the CAVC applied the appropriate standard of review to the Board’s section 5103(a) determinations.
The Secretary moves to summarily affirm the CAVC’s decision on the ground that Garrison v. Nicholson, 494 F.3d 1366 (Fed.Cir.2007) is controlling. Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir. 1994).
In Garrison, the court affirmed the Court of Appeals for Veterans Claims’ application of the “clearly erroneous” standard of review when reviewing the Board’s finding that the Secretary had complied with his section 5103(a) notification requirements. Garrison, 494 F.3d at 1370. In light of Garrison, it is clear that the CAVC’s decision was correct as a matter of law.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to summarily affirm is granted.
(2) Each side shall bear its own costs.