*938 ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs responds to the court’s November 9, 2006 order and moves to summarily affirm the judgment of the United States Court of Appeals for Veterans Claims (CAVC) in Laurente v. Nicholson, No. 05-0278. Lau-rente also responds to the court’s order and moves the court to “re-review the evidence” and grant him Department of Veterans Affairs’ disability benefits.
Laurente appealed, through counsel, to the CAVC from an August 11, 2004 decision of the Board of Veterans’ Appeals that denied his service-connection claim for pulmonary tuberculosis. On appeal, Lau-rente argued only that the Board failed to ensure that the Secretary had complied with his notification requirements pursuant to 88 U.S.C. § 5103(a) and that he was entitled to an adverse presumption to establish inservice incurrence of pulmonary tuberculosis because his service medical records were destroyed in the 1973 fire at the National Personnel Records Center.
In its November 2006 affirmance of the Board’s decision, the CAVC reviewed the Board’s determination regarding the adequacy of section 5103(a) notice under the “clearly erroneous” standard of review. The CAVC determined that there was a plausible basis in the record to support the Board’s conclusion that a November 2001 letter informed Laurente what information and evidence was necessary to substantiate his claim. The CAVC also determined that Laurente’s adverse presumption argument based on the 1973 fire was without merit. Laurente appealed, seeking review, inter alia, of whether the CAVC applied the appropriate standard of review to the Board’s section 5103(a) determinations.
The Secretary moves to summarily affirm the CAVC’s decision on the ground that Garrison v. Nicholson, 494 F.3d 1366 (Fed.Cir.2007) and Cromer v. Nicholson, 455 F.3d 1346 (Fed.Cir.2006), cert. denied - U.S. -, 127 S.Ct. 2265, 167 L.Ed.2d 1093 (2007) are controlling. Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir. 1994).
In the present case, it is clear that summary affirmance is warranted. The CAVC’s application of the “clearly erroneous” standard of review to the Board’s determination that the Secretary had complied with his section 5103(a) notification requirements was clearly correct in light of our recent decision in Garrison. Garrison, 494 F.3d at 1370. In addition, the CAVC’s determination that Laurente is not entitled to an adverse presumption based on the 1973 fire is supported by this court’s decision in Cromer. Cromer, 455 F.3d at 1350-51 (no presumption of service connection due to alleged destruction of documents by fire). Because the CAVC’s decision was clearly correct as a matter of law, we must affirm.
Concerning Laurente’s requests that we review the evidence and grant benefits, the court’s jurisdiction to review decisions of the CAVC is limited and does not include challenges to factual determinations or laws or regulations as applied to the particular facts of a case. 38 U.S.C. § 7292(d)(2); see Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to summarily affirm is granted.
*939 (2) Laurente’s motions are denied.
(3) Each side shall bear its own costs.