ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to summarily affirm the judgment of the United States Court of Appeals for Veterans Claims (“CAVC”) in Thompson v. Nicholson, No. 04-2461. Robert E. Thompson has not responded.
In September of 2004, the Board of Veterans Appeals denied Thompson’s claim for service connection for a heart condition and nervous condition and a total disability rating based on individual unemployability.
Thompson appealed to the United States Court of Appeals for Veterans Claims (“CAVC”), arguing that the regional office did not comply with 38 U.S.C. § 5103(a) because it failed to inform him who would be responsible for obtaining additional evidence to substantiate his claim, and misled him regarding the time within which he was required to submit this evidence. The CAVC affirmed the Board’s decision, concluding that under § 5103, the Board was not clearly erroneous in finding that the regional office provided Thompson with adequate notice in finding that the regional office properly informed him of the time within which to submit evidence. Thompson appeals.
The Secretary moves to summarily affirm the CAVC’s decision, arguing that pursuant to Garrison v. Nicholson, 494 F.3d 1366 (Fed.Cir.2007), the CAVC correctly applied the “clearly erroneous” standard in concluding that the regional office complied with the notice provisions of § 5103(a).
Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir.1994). In the present case, it is clear that summary affirmance is warranted.
In Garrison, the court affirmed the CAVC’s application of the “clearly erroneous” standard of review when reviewing the Board’s finding that the Secretary had complied with his § 5103(a) notification requirements. Gamson, 494 F.3d at 1370. In light of Garrison, it is clear that the CAVC’s decision was correct as a matter of law.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to summarily affirm is granted.
(2) Each side shall bear its own costs.