ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to dismiss this appeal or alternatively to summarily affirm the judgment of the United States Court of Appeals for Veterans Claims (CAVC) in Jordan v. Nicholson, No. 04-1742 (Dec. 22, 2006). Johnnie Jordan, Jr. has not responded.
Jordan appealed to the CAVC from a July 16, 2004 decision of the Board of Veterans’ Appeals that, inter alia, determined that the Secretary had fulfilled his duty-to-notify obligations pursuant to 38 U.S.C. § 5103(a) regarding Jordan’s (1) claim for entitlement to service connection for a heart disability, (2) claim for entitlement to automobile or other conveyances and adaptive equipment, (3) claim for entitlement to special adaptive housing or a special home adaption grant, and (4) claim to reopen his previously denied service-connection claim for hypertension.
In its December 22, 2006 decision, the CAVC affirmed the Board’s holding that the Secretary satisfied his section 5103(a) notification duties regarding Jordan’s service-connection claim for a heart disability through an April 2003 notification letter. Regarding the Board’s section 5103(a) notice determinations as to Jordan’s claims for entitlement to equipment and adaptive housing and his claim to reopen a previously denied service-connection claim for hypertension, the CAVC held that the April 2003 letter failed to inform Jordan of the evidence and information necessary to substantiate those claims. The court further held that the Secretary had failed to demonstrate how the Secretary’s failure to provide such information was harmless error. Thus, the CAVC vacated and remanded those portions of the Board’s decision for further proceedings.
The Secretary appealed. This case was stayed pending our disposition of Simmons v. Nicholson, 487 F.3d 892 (Fed.Cir. 2007) and its companion case Sanders v. Nicholson, 487 F.3d 881 (Fed.Cir.2007) as well our disposition of Garrison v. Nicholson, 494 F.3d 1366 (Fed.Cir.2007). The Secretary contends that in light of our recent decisions in these cases, this appeal *918 is appropriate for summary disposition. We agree.
Section 5103(a) requires that the Secretary provide “affirmative notification to the claimant prior to the initial decision in the case as to the evidence that is needed and who shall be responsible for providing it.” Mayfield v. Nicholson, 444 F.3d 1328,1333 (Fed.Cir.2006). Whether the notice provided to a claimant satisfies the Secretary’s obligations under section 5103(a) is a factual determination reviewed by the CAVC under the “clearly erroneous” standard and that factual determination is not renewable by this court. See Garrison, 494 F.3d at 1370; see also 38 U.S.C. § 7292(d)(2) (limiting this court’s jurisdiction over challenges to factual determinations).
Regarding Jordan’s claims for entitlement to equipment and adaptive housing and his claim to reopen a previously denied service-connection claim for hypertension, the CAVC determined that the Secretary had failed to provide adequate notice regarding the evidence or information necessary to substantiate these claims. We are without jurisdiction to review these determinations. The CAVC further determined that the Secretary had failed to meet his burden of demonstrating that such errors were harmless. In doing so, the court properly placed the burden of demonstrating prejudicial error on the Secretary. See Sanders, 487 F.3d at 891, (holding that any 38 U.S.C. § 5103(a) error should be presumed prejudicial and the Secretary has the burden of rebutting this presumption). Therefore, we agree that summary affirmance of the court’s judgment on these issues is appropriate.
Accordingly,
IT IS ORDERED THAT:
(1) The judgment of the CAVC is summarily affirmed. The case is remanded for further proceedings.
(2) Each side shall bear its own costs.