**Miguel A. TORRES, Claimant–Appellant,**

v.

**James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 2008–7064.**

United States Court of Appeals, Federal Circuit.

June 3, 2008.

Sean B. Mcnamara, Department of Justice, Washington, DC, for Respondent–Appellee.

Miguel A. Torres, Atascosa, TX, pro se.

Before MAYER, SCHALL, and LINN, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Miguel A. Torres' appeal from the United States Court of Appeals for Veterans Claims. Torres opposes.

Torres appealed to the Court of Appeals for Veterans Claims, challenging an April 18, 2006 decision of the Board of Veterans' Appeals denying an initial disability rating in excess of 20% for spondylosis and spon-

dylolisthesis of the lumbar spine and an initial disability rating in excess of 10% for thoracic outlet syndrome of the right and left arms. The court affirmed, determining, inter alia, that the Secretary had fulfilled his duty-to-notify requirements under 38 U.S.C. § 5103(a) and complied with a prior remand order of the Board, and that the Board had applied the appropriate disability ratings to his claims. This appeal followed.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

■ Torres asserts that his appeal involves issues of statutory and regulation interpretation as well as constitutional issues. We disagree. First, Torres contends that the court erred in determining that the Secretary had provided him timely and statutorily compliant notice, thereby also erring in determining that the Secretary failed to comply with a prior remand order of the Board. Such determinations amount to a challenge of facts or the application of law to fact which are squarely outside of this court's review. *See Garrison v. Nicholson,* 494 F.3d 1366, 1370 (Fed.Cir.2007) ("We agree with the government that whether, in a given case, the VA has complied with the notice requirement of section 5103(a) is a factual issue."). We are similarly without jurisdiction to address Torres' second contention of error that the Court of Appeals for Veterans Claims erred in affirming the Board's disability rating determinations because that issue only challenges facts or the application of law to facts.

■ Torres' final contention of error is that the Secretary "prejudicially selected" evidence before the agency of original adjudication and Board to facilitate an unfavorable outcome for Torres on his claims. It appears that Torres asserts that this argument raises constitutional due process issues within our jurisdiction. We disagree. Although Torres characterizes this issue as one involving constitutional analysis, we must look beyond the appellant's characterization of the issue to determine whether it falls within the jurisdiction of this court. *Flores v. Nicholson,* 476 F.3d 1379, 1382 (Fed.Cir.2007); *Helfer v. West,* 174 F.3d 1332, 1335 (Fed.Cir.1999). Here, Torres' argument is not constitutional but is clearly aimed at the merits of his claim and how the evidence was weighed. Because we agree with the Secretary that this court lacks jurisdiction, we must dismiss Torres' appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion is granted.

(2) Each side shall bear its own costs.