NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROGACIANA A. RAMIREZ,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7079

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-2921, Judge Robert N. Davis.

---

Decided: November 8, 2010

---

ROGACIANA A. RAMIREZ, Olongapo City, Philippines, pro se.

P. DAVIS OLIVER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attor-

ney General, JEANNE E. DAVIDSON, Director, and KIRK MANHARDT, Assistant General. Of counsel on the brief was DAVID J. BARRONS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC

---

Before LOURIE, LINN, and MOORE, *Circuit Judges.*

PER CURIAM.

Rogaciana A. Ramirez ("Ms. Ramirez") appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming a decision of the Board of Veterans' Appeals ("the Board"), in which the Board determined that Ms. Ramirez had failed to submit new and material evidence to reopen a claim for revocation of the forfeiture of her right to veterans' benefits under 38 U.S.C. § 6103(a). *Ramirez v. Shinseki*, No. 08-2921, 2010 WL 672768 (Vet. App. Feb. 26, 2010). Because Ms. Ramirez's appeal raises only factual issues outside this court's appellate jurisdiction, we *dismiss.*

## BACKGROUND

Ms. Ramirez's husband, veteran Ramon J. Ramirez ("the veteran"), served on active duty in the Army from February 1941 to March 1948. In 1982, the veteran filed a request for nonservice-connected pension benefits based on age, including a claim for additional benefits for four dependent children. In support of his claim, the veteran submitted for each child a birth certificate that was signed by Ms. Ramirez and that showed the veteran and Ms. Ramirez as the natural parents. The Veterans Administration, now the Department of Veterans Affairs, ("VA") awarded the veteran pension benefits but withheld

the additional benefits for dependents pending the outcome of a field investigation. During the investigation, the veteran admitted in a deposition that the four children were not his and Ms. Ramirez's natural children, and that Ms. Ramirez had signed and filed inaccurate birth certificates at the urging of a third party. Ms. Ramirez confirmed the correctness of the veteran's testimony. As a result, the VA found that both the veteran and Ms. Ramirez had "knowingly and intentionally furnished [the VA] with materially false and fraudulent statements and evidence" in support of a claim for additional pension benefits, and on April 14, 1983, the VA terminated Ms. Ramirez's right to veterans' benefits pursuant to 38 U.S.C. § 6103(a). *Ramirez*, 2010 WL 672768, at *1.

The veteran died in March 1997, after which Ms. Ramirez filed for dependency and indemnity compensation, or death benefits. In August 2000, the VA denied the request, informing Ms. Ramirez that no benefits were payable because she had forfeited her right to such benefits pursuant to 38 U.S.C. § 6103(a) and that she had not submitted new and material evidence to reopen a claim for revocation of the forfeiture. In February 2006, Ms. Ramirez requested that the VA reopen her claim for death benefits, submitting three additional items of evidence: a copy of her marriage certificate, a copy of the veteran's death certificate, and a signed letter dated February 8, 2006. The VA Manila Regional Office ("RO") found that no new and material evidence had been submitted to warrant revocation of the forfeiture declared against Ms. Ramirez.

Ms. Ramirez appealed the RO's decision to the Board. She argued that the veteran's forfeiture for fraud under 38 U.S.C. § 6103(a) should not be imposed on her as his

surviving spouse and that the RO failed in its duty to assist under the Veterans Claims Assistance Act ("VCAA"). On July 16, 2008, the Board held that the additional evidence presented was not material because it did not tend to show that Ms. Ramirez had not attempted to fraudulently deceive the VA as to her and her husband's true relationship with the four children for whom veterans' benefits were claimed. In so holding, the Board noted that, despite Ms. Ramirez's arguments to the contrary, the VA did not impose the initial forfeiture decision on the veteran alone, but also separately on Ms. Ramirez.

The Board also addressed Ms. Ramirez's VCAA claim despite concluding that the VCAA does not apply to claims for revocation of forfeiture. The Board held that although Ms. Ramirez received "inadequate pre-adjudicatory notice" for her claim to reopen, the record reflected that the March 2006 RO decision on appeal provided "very specific notice" to Ms. Ramirez of the evidence necessary to substantiate her claim and that the essential fairness of the process had not been affected.

Ms. Ramirez appealed to the Veterans Court claiming that the Board's decision considering her role in making false statements to the VA was clear and unmistakable error. On February 26, 2010, the Veterans Court held that there was no clear error in the Board's determination that Ms. Ramirez had failed to submit new and material evidence to reopen her claim for revocation of forfeiture. *Ramirez*, 2010 WL 672768, at *2. The court stated that "the Board clearly found that the submitted evidence was not material, as it did not relate to an unestablished fact necessary to substantiate the claim, and did not tend to show that Ms. Ramirez did not attempt to fraudulently deceive [the] VA," concluding that "[t]his determination

by the Board complies with the definition of 'material' in 38 C.F.R. § 3.156(a)." *Id.*

Ms. Ramirez timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We must hold unlawful and set aside any regulation or any interpretation thereof relied upon by the Veterans Court that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* at § 7292(d)(1). We, however, "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Ms. Ramirez argues that the fraudulent act of the veteran found pursuant to 38 U.S.C. § 6103(a) should not be imposed on her as the veteran's surviving spouse, and thus she is entitled to veterans' benefits. She also argues that the RO failed in its duty to assist under the VCAA.

The government responds that because the Veterans Court did not interpret a statute or regulation but merely

applied the established law concerning veterans' benefits to the facts and circumstances of Ms. Ramirez's case, this court lacks jurisdiction over her appeal. Specifically, the government argues that the fact that Ms. Ramirez was found to have committed a fraudulent act against the VA and that she has submitted no new and material evidence to substantiate a claim to the contrary are factual determinations made by the Board, upheld by the Veterans Court, and not subject to review by this court. The government also argues that the Board's determination that the failure to provide pre-adjudicatory notice under the VCAA was not prejudicial error is also a factual issue outside this court's appellate jurisdiction.

We agree with the government. We first note that the record does not support Ms. Ramirez's repeated assertions that the VA applied 38 U.S.C. § 6103(a) to her based on the fraudulent acts of her husband; the record shows that the VA terminated Ms. Ramirez's right to VA benefits based on a finding that she, separate from the veteran, had attempted to deceive the VA. Accordingly, neither the Board nor the Veterans Court interpreted § 6103(a) as applying to the surviving spouse of a veteran who had been found to have forfeited benefits under the statute, but rather as applying to Ms. Ramirez as the one who committed fraud. We lack jurisdiction to review the factual determinations underlying that decision. 38 U.S.C. § 7292(d)(2). We also lack jurisdiction to review whether Ms. Ramirez submitted new and material evidence to reopen her claim for revocation of the forfeiture because, as we have held, "whether evidence in a particular case is 'new and material' is either a 'factual determination' under section 7292(d)(2)(A) or the application of law to 'the facts of a particular case' under section 7292(d)(2)(B) and is, thus, not within this court's appellate jurisdiction." *Barnett v. Brown*, 83 F.3d 1380, 1383

(Fed. Cir. 1996). Finally, with regard to Ms. Ramirez's VCAA claim, we have held that whether the VA complied with the VACC's notice requirements, *Garrison v. Nicholson*, 494 F.3d 1366, 1370 (Fed. Cir. 2007), or whether a VA error was prejudicial, *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007), are factual issues squarely outside our jurisdiction. Accordingly, we *dismiss* Ms. Ramirez's appeal for lack of jurisdiction.

## DISMISSED

Costs

No costs.