NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JULIANA E. ELAUGOS,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7010

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 08-2271, Judge Alan G. Lance, Sr.

---

Decided: March 9, 2011

---

JULIANA E. ELAUGOS, Brgy Collat, Masinloc, Philippines, pro se.

CHRISTOPHER A. BOWEN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assis-

tant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before BRYSON, DYK, and PROST, *Circuit Judges.*

PER CURIAM.

## DECISION

Juliana E. Elaugos appeals the decision of the Court of Appeals for Veterans Claims ("the Veterans Court") upholding the denial of her request to reopen an application for benefits connected to her husband's military service. The court held that she failed to present new and material evidence to justify reopening her claim. We affirm.

## BACKGROUND

Mrs. Elaugos is the surviving spouse of Aureliano E. Elaugos, who served in the Philippine Commonwealth Army from September 1941 to April 1942 while those forces were in the service of the United States Armed Forces. He also had recognized guerrilla service from March 1945 to October 1945 and regular Philippine Army service from October 1945 to January 1946. He died in 1980 as a result of uremia secondary to chronic nephritis.

In February 1985, Mrs. Elaugos sent a letter to the Veterans Administration's Manila regional office inquiring about accrued benefits. The regional office explained that non-service-connected death benefits were unavail-

able to dependents of deceased veterans with Mr. Elaugos's type of service. The regional office also noted that there was no evidence of any connection between his service and his death.

Mrs. Elaugos did not take further action until December 1998 when she filed a claim seeking to establish service connection between her husband's military service and his death, and seeking accrued benefits. She submitted evidence including her husband's service records, his death certificate, and a certificate of treatment showing he was treated for malaria in 1944. In an October 1999 decision, the regional office denied her claim for service connection, finding no evidence of any relationship between the veteran's service and the conditions that caused his death. The regional office also rejected her claim for accrued benefits because her claim was filed more than one year after her husband's death. When Mrs. Elaugos did not appeal that decision it became final.

In June 2005, Mrs. Elaugos sent a letter to the regional office requesting that her previous claim be changed to a pension claim for a non-service-connected death and asserting that her husband had been a prisoner of war in 1942. The regional office responded by explaining that a finally denied claim could be reopened only upon the submission of new and material evidence. The regional office also informed Mrs. Elaugos that service in the Philippine Commonwealth Army and the recognized guerillas did not meet the eligibility requirements for a non-service-connected death pension.

In May 2006, Mrs. Elaugos sought to reopen her service connection claim. She submitted additional documents in support of her claim, including a copy of her marriage certificate and documents showing her housing

status. The regional office again advised Mrs. Elaugos that her claim could be reopened only if she submitted new and material evidence pertaining to her claim. The regional office also requested more information about her husband's alleged prisoner of war status. In July 2006, the regional office denied relief on the ground that Mrs. Elaugos had not submitted new and material evidence that would justify reopening her service connection claim.

Mrs. Elaugos appealed that decision to the Board of Veterans' Appeals. The Board reviewed the evidence she had submitted and concluded that it was "essentially duplicative" of the evidence previously considered by the regional office. The Board also found that the evidence was not material to her non-service-connected death benefits claim or her service connection claim.

Mrs. Elaugos then appealed to the Veterans Court. Because she focused her appeal on the service connection claim and did not address the issue of death benefits, the court deemed her death benefits claim abandoned. As to the service connection claim, the court found that she had failed to submit new and material evidence that would justify reopening that claim.

## DISCUSSION

Mrs. Elaugos appeals the Veterans Court's decision that she was not entitled to reopen her claim that her husband's death from uremia was connected to his military service. She contends that the Department of Veterans Affairs ("DVA") failed to fulfill its duty to assist her under 38 U.S.C. § 5103A because it concentrated on her non-service-connected death benefits claim without informing her that survivors of Filipino veterans are not entitled to death pension benefits.

Whether the DVA fulfilled its duty to assist in her case is a factual inquiry that we lack the jurisdiction to review. *De La Rosa v. Peake*, 515 F.3d 1319, 1322 (Fed. Cir. 2008); *Garrison v. Nicholson*, 494 F.3d 1366, 1370 (Fed. Cir. 2007). In any event, the record shows that the regional office informed Mrs. Elaugos both in 1985 and 2005 that survivors of Filipino veterans such as her husband were not entitled to non-service-connected death benefits. Because the regional office then proceeded to separately consider her service connection claim, her contention that the DVA focused on her death benefits claim to the exclusion of her service connection claim is unsupported by the record.

Mrs. Elaugos also contends that the DVA failed to presume service connection based on her husband's prisoner of war status. There are two problems with that contention. First, the regional office never determined that the record supported her husband's alleged prisoner of war status. The only document discussing her husband's prisoner of war status is a June 1, 1965, document that identifies the date range from April 9, 1942, to October 12, 1942, as "Alleged POW status, not supported." In response to her 2006 claim seeking to reopen the service connection issue, the regional office requested more evidence about her husband's alleged prisoner of war status. She did not respond to that request. Because no other documents support her contention that her husband was a prisoner of war, the regional office properly determined that there was an insufficient factual predicate for finding presumptive service connection based on prisoner of war status. The second problem with her contention is that neither uremia nor nephritis is presumed to be connected to prisoner of war status. *See* 38 C.F.R. §§ 3.307(a)(5), 3.309. Thus, the prisoner of war allegation

that was first raised in 2006 was not material to her service connection claim.

Finding no reversible error, we affirm the Veterans Court's decision denying Mrs. Elaugos's appeal.

No costs.

**AFFIRMED**