NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWIN COLON-RIVERA,**
*Claimant-Appellant,*

**v.**

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7110

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-3060, Judge Alan G. Lance Sr.

---

Decided: April 12, 2013

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

K. ELIZABETH WITWER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assis-

tant Director.   Of counsel on the brief were DAVID J.
BARRANS, Deputy Assistant General Counsel, and
AMANDA R. BLACKMON, Attorney, United States Depart-
ment of Veterans Affairs, of Washington, DC.

––––––––––––––––––––

Before MOORE, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM .

Edwin Colon-Rivera appeals from the final decision of
the U.S. Court of Appeals for Veterans Claims (CAVC).
The CAVC upheld the finding by the Board of Veterans
Appeals (Board) that the Department of Veterans Admin-
istration (VA) satisfied its duty to assist Mr. Colon-Rivera
in developing his claim. *See* 38 U.S.C. § 5103A. Mr.
Colon-Rivera challenges that finding on appeal.   We
conclude that we lack jurisdiction over Mr. Colon-Rivera's
appeal.

Our jurisdiction over CAVC appeals is strictly limited
by statute.  We have jurisdiction over "all relevant ques-
tions of law, including interpreting constitutional and
statutory provisions." 38 U.S.C. § 7292(d)(1). We lack
jurisdiction, however, over any "challenge to a factual
determination" or "challenge to a law or regulation as
applied to the facts of a particular case" absent a constitu-
tional issue. 38 U.S.C. § 7292(d)(2).

A determination that the VA satisfied its duty to as-
sist in a particular case is generally a finding of fact. *See
DeLaRosa v. Peake*, 515 F.3d 1319, 1322 (Fed. Cir. 2008);
*Garrison v. Nicholson*, 494 F.3d 1366, 1370 (Fed. Cir.
2007). Here, the Board found that the VA satisfied its
duty to assist and that "additional development efforts
would serve no useful purpose." J.A. 148. The CAVC
upheld this finding. J.A. 5. In light of this decision, we
need not address the issue of waiver. We thus lack juris-
diction over Mr. Colon-Rivera's appeal.

**DISMISSED**