NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CORNELL HOWARD,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1880

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-1487, Judge Joseph L. Toth.

---

Decided: December 15, 2020

---

CORNELL HOWARD, Denver, CO, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Cornell Howard appeals from the decision of the Court of Appeals for Veterans Claims ("the Veterans Court") affirming a decision of the Board of Veterans' Appeals ("the Board") denying service connection. *See Howard v. Wilkie*, No. 18-1487, 2019 WL 5598324 (Vet. App. Oct. 31, 2019) ("*Decision*").  Because Howard raises only factual issues over which we lack jurisdiction, we *dismiss* the appeal.

## BACKGROUND

Howard served on active duty in the Marine Corps from November 1975 to October 1976.  Howard's entrance medical examination reported no abnormalities.  Service Treatment Records ("STRs") reveal that Howard was treated for multiple abdominal issues during his service. In January 1976, Howard received treatment for an intermittent mid-epigastric dull ache.  In May 1976, Howard reported to the emergency room complaining of severe abdominal pain.  At the time of discharge a physician noted that the cause of the pain was of "unknown etiology," and follow-up examination showed no abnormality.  In September 1976, Howard received treatment for a rash and nodule lump in his groin area.  Howard was discharged in October 1976, and his separation examination was normal with no noted abnormalities relating to his abdomen or groin.

In November 1980, Howard sought disability compensation for a lower abdominal problem, claiming that he had undergone a hernia repair procedure after service in 1977 at a Department of Veterans Affairs ("VA") medical facility in St. Louis.  Howard alleged that he was injured during a training exercise while carrying a military cannon which was abruptly dropped by other service members carrying the cannon, leaving Howard to hold onto the weapon that weighed several hundred pounds and causing his hernia

injury.  VA denied Howard's claim in 1984, finding that service records did not confirm the existence of any chronic disability, and Howard did not appeal.

In 2011, Howard filed another disability compensation claim for hernia residuals.  Howard restated his claim that he had undergone a hernia operation in St. Louis and added allegations that the military physician who performed his separation exam told him he had a right inguinal hernia and that he had undergone a second hernia operation in Denver.  VA unsuccessfully sought records of both procedures and issued a formal finding of unavailability of records.  VA obtained a medical examination to determine whether Howard had a hernia disorder connected to his service.  The examiner noted that Howard had a hernia in the past and opined that the hernia was less likely than not incurred in or caused by Howard's claimed in-service injury, and VA denied service connection.

Howard appealed to the Board.  The Board held a hearing during which he again reported that he injured himself lifting a cannon but also mentioned for the first time an injury while lifting a tree during basic training.  The Board discounted the credibility of Howard's statements for lack of consistency and, relying on Howard's STRs and the 2012 examination, denied service connection.

Howard appealed to the Veterans Court, which affirmed the Board's decision.  Specifically, the court found that VA satisfied its duty to assist Howard under 38 U.S.C. § 5103A because it sought records of his two alleged hernia operations even though the records ultimately proved unavailable.  *Decision*, 2019 WL 5598324, at \*3.  With respect to the cannon incident, the court concluded that the duty to assist did not extend to obtaining STRs of fellow Marines who were present at the time because "there is no apparent reason why the marines who served with Mr. Howard would not now corroborate a lifting injury if they witnessed it," and Howard was otherwise free to submit statements

from them. *Id.* The court also held that the Board did not err in failing to address certain evidence provided by Howard finding that the evidence was not relevant to whether Howard was injured during the lifting incident. *Id.* Finally, the court found that the benefit-of-the-doubt rule, 38 U.S.C. § 5107(b), did not apply to Howard's claim because the Board did not find that the evidence for and against in-service incurrence of Howard's injury was relatively equal. *Id.* at *4. Howard appealed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review a decision of the Veterans Court with respect to a rule of law or interpretation of a statute or regulation relied on by the Veterans Court in its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. § 7292(d)(2).

On appeal, Howard principally argues that the Board and Veterans Court failed to consider relevant evidence. Specifically, Howard argues that the Board and Veterans Court failed to consider a document entitled "Disposition of Diagnosis" in his service medical records that lists "7855" as a diagnosis code related to the treatment he received in May 1976. Howard asserts that the code corresponds to a hernia diagnosis, which supports his contention that the cause of his May 1976 admission to the hospital for abdominal pain was a hernia, not unknown as determined by the Board. Howard also appears to argue that VA did not satisfy its duty to assist by failing adequately to investigate the cannon incident.

The government responds that we lack jurisdiction to review the Veterans Court's decision because Howard raises only factual issues on appeal. Specifically, the government argues that the Board thoroughly considered the

records regarding Howard's May 1976 treatment in concluding a lack of in-service incurrence of Howard's injury, and we lack jurisdiction to reweigh the evidence. Likewise, the government argues that whether VA satisfied its duty to assist is a factual issue that we lack authority to review.

We agree with the government. Regarding his May 1976 treatment, Howard's basic argument is that the Board gave too much weight to records indicating that Howard's abdominal pain was of "unknown etiology" and too little weight to the Disposition and Diagnosis form that may suggest that his condition was due to a hernia. But "[t]he evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder," and we lack jurisdiction to reweigh evidence that has already been considered by the Board. *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010). As the government points out, the document on which Howard relies was in the record before the Board, and the Board is presumed to have considered all evidence of record. *See Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007). The fact that the Board did not specifically refer to the document is insufficient to overcome this presumption.

With respect to Howard's argument that VA did not fulfill its duty to assist, we agree with the government that we lack jurisdiction to consider this issue. Whether VA has fulfilled its duty to assist is also a factual question that we lack jurisdiction to review. *See Garrison v. Nicholson*, 494 F.3d 1366, 1370 (Fed. Cir. 2007). Here, the Veterans Court concluded that Howard "has not shown as clearly erroneous the Board's determination that the duty to assist was satisfied," *Decision*, 2019 WL 5598324, at *3, and we cannot review the court's conclusion.

6                                                    HOWARD v. WILKIE

CONCLUSION

We have considered Howard's remaining arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* the appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.