NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM V. SEARS, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1450

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5881, Judge Joseph L. Toth.

---

Decided: September 14, 2021

---

WILLIAM V. SEARS, JR., San Antonio, TX, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ELIZABETH MARIE HOSFORD; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

William Sears, a veteran of the U.S. Army, appeals the decision of the United States Court of Appeals for Veterans Claims in *Sears v. Wilkie*, No. 19-5881, 2020 WL 5200446 (Vet. App. Aug. 25, 2020). Mr. Sears primarily challenges the Veterans Court's factual determinations or applications of law to fact, issues over which we lack jurisdiction. To the extent his informal brief can be liberally construed as raising a legal argument, it lacks merit. For the reasons given below, we affirm in part and dismiss in part.

I

Mr. Sears served in the Army from September 1988 to May 1989 and from January to September 1991. S.A. 2, 23.[1] He has filed claims seeking service connection and compensation for a number of disabilities.

- In November 1991, Mr. Sears sought compensation for a right ankle disability, and that claim was granted. S.A. 3.

- On November 15, 1999, Mr. Sears made a claim for service connection for a back disability that was initially denied, but after filing a claim of clear and unmistakable error, he was ultimately granted service connection for the spine disability, effective November 15, 1999. S.A. 4. He was assigned a 10% rating for degenerative disc disease (DDD) from November 15, 1999, to June 28, 2013, and a 20% rating thereafter. S.A. 5.

---

[1]    Citations to S.A. refer to the supplemental appendix filed by Respondent-Appellee.

- On June 28, 2013, Mr. Sears filed a claim for service connection for right and left hip disorders, including right and left hip degenerative joint disease (DJD), which was granted in February 2017 for right and left hip DJD. For the left hip, he was rated 10% for limited extension since June 28, 2013, but that rating was replaced with a 50% rating from December 15, 2016. S.A. 6. For the right hip, since June 28, 2013, Mr. Sears had a 10% rating. S.A. 6–7.

- In February 2017, Mr. Sears was awarded disability compensation for thoracic-spine-related radiculopathy in both legs, with 10% ratings since October 30, 2014. S.A. 6.

Mr. Sears appealed the effective dates and the ratings of his thoracic spine and hip disabilities to the Board of Veterans' Appeals, which denied the appeals except to increase the right and left hip radiculopathy ratings from 10% to 20%. S.A. 22–23.

He then appealed the same issues to the Veterans Court. In a single-judge memorandum decision, the Veterans Court affirmed the Board's ruling, except to correct a typographical error in the Board's order. S.A. 3, 6. After a motion for reconsideration, a panel ordered that the single-judge decision remain the decision of the Court and entered judgment on December 2, 2020. Mr. Sears timely appeals.

## II

We have limited jurisdiction over appeals from the Veterans Court. We decide "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We review the Veterans Court's legal determinations de novo. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). Except to the extent that an appeal presents a constitutional issue, we cannot review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a case.

38 U.S.C. § 7292(d)(2); *see Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

### III

Most of the arguments raised by Mr. Sears involve factual determinations or the application of law to fact, which we lack jurisdiction to consider. Mr. Sears has potentially made one legal argument within our jurisdiction. To the extent Mr. Sears argues that the Veterans Court misinterpreted its standard of review to be deferential to or to require adoption of the Secretary's litigation position, rather than considering Mr. Sears's arguments, we agree this is a legal argument within our jurisdiction. *Garrison v. Nicholson*, 494 F.3d 1366, 1368 (Fed. Cir. 2007).

But it is a legal argument without merit because the Veterans Court did not simply adopt the Secretary's arguments. The Veterans Court cited and used the correct standards of review for the relevant issues.[2] Both the assignment of a disability rating and the determination of an effective date are factual findings, which the Veterans Court reviews for clear error. *Pierce v. Principi*, 18 Vet. App. 440, 443 (1990) (disability rating); *Evans v. West,* 12 Vet. App. 396, 401 (1999) (effective date). The Veterans Court's decision correctly identified and explained the "clear error" standard of review for both the assignment of a disability rating and the determination of an effective date. S.A. 7–8.

Nor did the Veterans Court fail to review any legal questions under the correct de novo standard. *See Butts v. Brown*, 5 Vet. App. 532, 539 (1993). Indeed, the only purported "conclusions of law" that Mr. Sears argues should not have received deference regard the assignment of a

---

[2]    For the same reason, the Veterans Court did not violate Mr. Sears's procedural due process rights by supposedly adopting the Secretary's position.

disability rating and the effective date. But, as we just explained, these are actually questions of fact, which the Veterans Court properly reviewed for clear error.

## V

We have carefully considered all the other arguments Mr. Sears raised. Because they all involve factual determinations or application of law to fact, we lack jurisdiction. Accordingly, we affirm in part and dismiss the remainder of the case for lack of jurisdiction.

**AFFIRMED IN PART, DISMISSED IN PART**

COSTS

No costs.