NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ISAAC J. LYNCH, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7175

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-2981, Judge William A. Moorman

---

Decided: March 15, 2012

---

ISAAC J. LYNCH, JR., of Petersburg, Virginia, pro se.

SARAH A. MURRAY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN

M. SIMKIN, Assistant Director. Of counsel on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––––––

Before LOURIE, O'MALLEY, and REYNA, *Circuit Judges*.

PER CURIAM.

Isaac J. Lynch, Jr. served on active duty in the U.S. Army from September 1970 to December 1970. He also participated in the Reserve Officer Training Corps Program in the summer of 1969. Mr. Lynch appeals the decision of the Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the denial of his entitlement to service-connected disability benefits for (a) residuals of a back injury; (b) residuals of a left knee injury; (c) rhinitis; (d) pharyngitis; (e) residuals of a neck injury; and (f) an ear disorder. Mr. Lynch also raises on appeal several other substantive and procedural issues. *Lynch v. Shinseki*, No. 08-2981 (Vet. App. June 6, 2011) ("*Vet. Ct. Op.*"). We *affirm-in-part and dismiss-in-part* the decision of the Veterans Court.

I

On April 9, 1976, the Regional Office ("RO") denied Mr. Lynch's claims for service-connected disability benefits. In December 2002, Mr. Lynch requested that the Board of Veterans' Appeals ("Board") reopen his claims for (a) residuals of a back injury; (b) residuals of a left knee injury; (c) rhinitis; (d) pharyngitis; (e) residuals of a neck injury; and (f) an ear disorder ("various physical disabilities"). The Board issued a decision on July 13, 2004, denying Mr. Lynch's request on grounds that he had not

submitted new and material evidence following the 1976 decision of the RO.

Mr. Lynch appealed to the Veterans Court. During the appeal, the government and Mr. Lynch agreed that Mr. Lynch had submitted additional medical evidence to the RO after the April 9, 1976 rating decision and prior to the expiration of the appeal period. The government stipulated that Mr. Lynch's previous claim remained pending under 38 C.F.R. § 3.156(b), which provides that new and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. As a result, in September 2005, the Veterans Court vacated the Board's July 2004 decision and remanded Mr. Lynch's claims to the Board, and the Board remanded the claims to the RO.

The Department of Veterans Affairs ("VA") provided a medical examination for Mr. Lynch in January 2006. He was diagnosed with lumbar degenerative disc disease and degenerative joint disease; rhinitis with no pathology to render a diagnosis; pharyngitis with no pathology to render a diagnosis, cervical degenerative disc disease and degenerative joint disease; and an ear disorder with no pathology to render a diagnosis. Based on a review of Mr. Lynch's file and the examination, the examining physician stated that "it is this examiner's opinion that it is less likely than not that any back, left knee, rhinitis, pharyngitis, neck and ear disability, were incurred in or aggravated by his military service." *Joint Appendix* at 38.

In February 2007, the Board reviewed the examining physician's report and remanded Mr. Lynch's claim to the RO for further development. In a March 2007 letter, the

Appeals Management Center requested information from Mr. Lynch, including medical records, authorization and consent to release forms, and names of health care providers who might have information. Mr. Lynch responded to the request and, among other things, identified over 400 sources of information. The VA obtained information from a portion of the sources that Mr. Lynch identified.

In a September 12, 2008 decision, the Board found that there was no evidence of a service connection to Mr. Lynch's various physical disabilities. The Board also addressed Mr. Lynch's assertion that the VA had not complied with the requirements of the Veterans Claims Assistance Act of 2000 ("VCAA"), which in general provides that the VA has a duty to notify and assist claimants in substantiating claims for VA benefits. *See, e.g.*, 38 U.S.C. § 5103A. The Board reviewed the claims file and determined that the VA had complied with the VCAA mandate. The Board determined that if there was any failure to meet the requirements of the VCAA, any potential harm had been mitigated because Mr. Lynch was represented by a highly qualified service organization, and because Mr. Lynch had years to submit evidence regarding his claims. Mr. Lynch appealed the Board's decision to the Veterans Court.

On June 6, 2011, the Veterans Court found that it had jurisdiction over Mr. Lynch's claims for entitlement to service-connected disability benefits for his various physical disabilities, and upheld the Board's decision denying Mr. Lynch's entitlement to benefits. The Veterans Court also addressed procedural issues, including that the record before the agency was incomplete (two volumes missing out of 28 volumes) and Mr. Lynch's request to exceed the page limits for informal briefs. The Veterans Court allowed Mr. Lynch to submit five additional pages

in his informal brief, but denied his request for additional pages in his reply brief. The Veterans Court also ordered the VA to serve Mr. Lynch with a complete copy of the record that was before the agency.

The Veterans Court also reviewed Mr. Lynch's claim related to Severe Obstruction Sleep Apnea ("Sleep Apnea") and held that it lacked jurisdiction to address the merits of the claim because the issues had not been raised before the Board and were not part of the Board's September 12, 2008 decision. The Veterans Court remanded this claim and directed the Board to issue a decision concerning the Sleep Apnea claim. The Veterans Court also held that it lacked jurisdiction to review issues related to 33 ailments that Mr. Lynch had listed in a December 21, 2000 statement to the RO, because this claim had also not been raised before the Board.

Discussing the remainder of Mr. Lynch's arguments on appeal, the Veterans Court stated that it could not review the claims because Mr. Lynch had not presented allegations of error with necessary particularity.

Mr. Lynch timely appealed the judgment of the Veterans Court to this court.

II

Mr. Lynch presents the following issues to this court: (1) the Veterans Court erred when it determined it did not have jurisdiction over Mr. Lynch's Sleep Apnea claim and his claims involving the 33 other ailments; (2) the Veterans Court erred when it affirmed the Board's determination denying Mr. Lynch's claims for various physical disabilities; (3) the Veterans Court erred when it found that the VA did not violate the VCAA and fourteen other

statutes; (4) the Veterans Court erred in its determination concerning various procedural issues. In addition, Mr. Lynch requests that this court appoint legal representation.

## A

This court may not review a Veterans Court's decision involving a challenge to a factual determination, or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent that an appeal from the Veterans Court's decision presents a constitutional issue. 38 U.S.C. § 7292(e)(1). In other words, we generally lack jurisdiction to review factual determinations made by the Board. *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

This court reviews *de novo* whether the Veterans Court has jurisdiction to entertain an appeal. *Ledford v. West*, 136 F.3d 776, 778 (Fed. Cir. 1998); *In re Wick*, 40 F.3d 367, 370 (Fed. Cir. 1994). We lack jurisdiction to review factual findings of the Veterans Court relating to jurisdictional issues or to review the Veterans Court's application of its jurisdictional statutes to the facts of a particular case. *Albun v. Brown*, 9 F.3d 1528, 1530 (Fed. Cir. 1993). Whether claims for specific disabilities were raised to and decided by the VA is a factual matter outside this court's jurisdiction. *See Ellington v. Peake*, 541 F.3d 1364, 1371-1372 (Fed. Cir. 2008).

## B

Mr. Lynch argues that the Veterans Court erred when it found that it did not have jurisdiction over his Sleep Apnea claim and his claim for his 33 other ailments. As to both of these claims, the Veterans Court stated that

"[t]here is no evidence that the appellant's additional claims were subject to a[n] RO decision that was timely appealed to the Board." *Vet. Ct. Op.* at 1, n.1.

The Board must first review RO decisions before the Veterans Court may render a determination on an issue, and the Veterans Court may only exercise jurisdiction over an issue if a party files a timely notice of appeal from the Board's decision. 38 U.S.C. §§ 7252(a) and 7266(a). Whether these claims were properly presented to the RO and the Board is a factual determination that falls outside this court's jurisdiction. As such, we dismiss the appeal as to these claims.

Mr. Lynch appeals the decision of the Veterans Court to deny service-connected disability benefits on Mr. Lynch's claims for various physical disabilities. The Veterans Court found that "the Board did not clearly err in regard to its implicit determination that the 2006 VA examination was adequate and in denying the appellant entitlement to service connection for rhinitis, pharyngitis, a chronic ear condition, and residuals of a back injury, left knee injury, and neck injury." *Vet. Ct. Op.* at 3. In order to receive compensation for disabilities, a veteran must establish that an injury is service-connected. *See* 38 U.S.C. § 1110. Establishing that an injury is service-connected is a factual determination, which this court cannot review. 38 U.S.C. § 7292(e)(1). As a result, we dismiss the appeal as to the service-connected claim for various disabilities.

Mr. Lynch argues that the Veterans Court erred when it determined that the VA did not violate the VCAA. First, Mr. Lynch contends that the VA violated the VCAA when it failed to mail all of the more than 400 signed medical release forms that Mr. Lynch provided. Second,

Mr. Lynch argues that the VA intentionally misplaced or "lost" documents to keep them out of the record before the agency. Third, he contends that the VA physician who provided his discharge medical exam in 1974 made negative and abrasive statements to Mr. Lynch, and that those statements are missing from the record.

We agree with the government that Mr. Lynch's claim regarding the VA's compliance with the VCAA is outside our jurisdiction. An inquiry on whether the VA complied with the VCCA involves factual issues. *See DeLaRosa v. Peake*, 515 F.3d 1319, 1322 (Fed. Cir. 2008); *Glover v. West*, 185 F.3d 1328, 1333 (Fed. Cir. 1999); *Garrison v. Nicholson*, 494 F.3d 1366, 1370 (Fed. Cir. 2007) ("determining compliance with 38 U.S.C. § 5103(a) is a fact issue"). This court may not review the factual findings or application of law to the facts. *See* 38 U.S.C. § 7292(d)(2); *Epps v. Gober*, 126 F.3d 1464, 1466 (Fed. Cir. 1997) ("Our jurisdiction does not extend to challenges either to factual determinations or to the law as applied to the facts of a particular case."). We therefore dismiss this aspect of the appeal for lack of jurisdiction.

Mr. Lynch argues that the Veterans Court did not consider certain claims regarding his civilian career that mirrored his military career, and that his Equal Employment Opportunity Commission claim should be reopened. Also, for the first time on this appeal, Mr. Lynch cites 14 statutes and regulations besides the VCAA that he asserts the VA and the Veterans Court "violated".

We affirm the Veterans Court determination that "[t]hose arguments that do not relate to the claims on appeal," such as appellant's arguments asserting employment discrimination or workers compensation, were not properly before it. *Vet. Ct. Op.* at 3. The Board may

only hear claims related to Title 38 of the United States Code, and cannot entertain naked citations to other U.S. laws and statutes unless the citations are legitimately connected to the claims properly before it. As such, we have no jurisdiction over claims related to Mr. Lynch's civilian career, or that concern purported violation of laws and regulations that are brought for the first time on appeal before this court. *Forshey v. Principi*, 284 F.3d 1335, 1351 (Fed. Cir. 2002) (en banc). *See* 38 U.S.C. §§ 7252(a) and 7266(a).

Mr. Lynch further argues that the VA renumbered pages, causing "wrong" facts to be raised before the Veterans Court. The record reflects that the Veterans Court ordered the VA to serve Mr. Lynch with a copy of the complete record before the agency. The VA revised the record and served Mr. Lynch in compliance with the order. The Veterans Court reviewed his arguments and disagreed with Mr. Lynch that the record of proceedings necessarily required the same numbers as the revised record. The Veterans Court's rules of procedure provide that "[i]f any dispute arises as to the preparation or content of the [record before the agency], the [Veterans] Court, on motion of any party, will resolve the matter." U.S. VET. APP. R. 10(b).

Similarly, Mr. Lynch contends that the Veterans Court "seriously limited (constrained) my complaints, and my ability to present proof for my claims (issues)" by denying his motion for an increase in the page limitation for his informal briefs. *Appellant Br.* at 23. The Veterans Court's rules of procedure provide that an informal brief may not be longer than 30 pages. U.S. VET. APP. R. 28(e). Although the Veterans Court denied Mr. Lynch's request to allow a 270 page brief, it allowed Mr. Lynch to add an additional five pages to his briefs and denied any page

increase to his reply brief. The Veterans Court's enforcement of its own procedural rules is entitled to substantial discretion, and we see no abuse of discretion in this case. *See Carbino v. West*, 168 F.3d 32, 35 (Fed. Cir. 1999). We will not in this case overrule the Veterans Court with respect to enforcement of its appellate rules of procedure, such as the content of the record, or page limitations.

Mr. Lynch argues that he was not provided legal representation and that the lack of legal counsel combined with his disabilities so as to hinder his ability to fully develop his case, all of which led to the Veterans Court affirming the Board's determination. The government argues that Mr. Lynch was free to obtain legal counsel, and it cites the Veterans Court website, which provides claimants the ability to search for attorneys admitted to practice before the Veterans Court. Further, the Veterans Court provides claimants with copies of its rules and procedures and information on how to appeal without legal representation. We find no evidence in the record that the Veterans Court or the VA affirmatively acted to deny Mr. Lynch the opportunity to obtain legal counsel.

Mr. Lynch requests that this court appoint legal counsel to represent him. In particular, Mr. Lynch argues that he needs an attorney to pursue law suits that are not before this court. We deny Mr. Lynch's request for appointment of counsel as we generally do not appoint counsel to represent petitioners.

Accordingly, we affirm-in-part and dismiss-in-part the June 6, 2011 decision of the Veterans Court.

### AFFIRMED-IN-PART and DISMISSED-IN-PART

Each party shall bear its own costs.