NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ISAAC LYNCH, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2021-2224

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4569, Judge William S. Greenberg.

———————————

Decided: March 10, 2022

———————————

ISAAC J. LYNCH, JR., Petersburg, VA, pro se.

ELINOR JOUNG KIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

———————————

Before PROST, BRYSON, and STOLL, *Circuit Judges.*

PER CURIAM.

Isaac Lynch, Jr. appeals from a judgment of the United States Court of Appeals for Veterans Claims affirming-in-part and dismissing-in-part the decision of the Board of Veterans' Appeals.  For the below reasons, we affirm-in-part and dismiss-in-part Mr. Lynch's appeal.

BACKGROUND

Mr. Lynch participated in the Reserve Officer Training Corps (ROTC) Program's summer camp in 1969 and served on active duty in the U.S. Army from September to December 1970.  Since his discharge, Mr. Lynch has raised, and the Veterans Administration (VA) has adjudicated, numerous claims for benefits, many of which we addressed in a previous appeal.  *See Lynch v. Shinseki*, 476 F. App'x 401 (Fed. Cir. 2012) (*Lynch I*).

In the years since *Lynch I*, Mr. Lynch has sought to reopen prior claims or assert new claims.  In a June 2020 decision, the Board found there was not new and material evidence to reopen 22 of Mr. Lynch's claims; denied service connection for 21 claims; denied an initial disability rating in excess of 10% for tinnitus; and granted an effective date of July 3, 2013, for bilateral hearing loss and tinnitus.[1] Appx. 16–20.[2]

---

[1]    The Board also found that there was new and material evidence to reopen a previously denied claim of service connection for an acquired stress disorder and assigned an effective date of July 3, 2013, for the award of service connection for bilateral hearing loss and tinnitus. The Veterans Court did not disturb these favorable findings.  Appx. 1 n.1.

[2]    Citations to "Appx." refer to the Appendix attached to the appellee's brief.

Mr. Lynch appealed the Board's decision to the Court of Appeals for Veterans Claims (Veterans Court), alleging that: (1) the VA miscalculated his period of active service; (2) the Board misapplied the applicable law and failed to obtain all his service treatment and private medical records; and (3) the VA and others, through conduct unrelated to the decision on appeal, violated the Civil Rights Act of 1964 and the Health Insurance Portability and Accountability Act (HIPAA). *Lynch v. McDonough*, No. 20-4569, 2021 WL 2176891 (Vet. App. May 28, 2021); Appx. 1–2, 6. The Veterans Court affirmed-in-part and dismissed-in-part.

First, the Veterans Court concluded that the Board correctly determined Mr. Lynch's period of active service. Appx. 6–7. Mr. Lynch argued that his active service period should include his time enrolled in the ROTC program while attending Virginia State College and in the Army Reserves. But the court clarified that these activities do not qualify as "active duty," which is defined as "full-time duty in the Armed Forces, other than active duty for training." 38 U.S.C. § 101(21)(A). The court also concluded that these activities do not qualify as "active duty for training," which is defined as "duty performed by a member of a Senior Reserve Officers' Training Corps program when ordered to such duty for the purpose of training . . . ." 38 U.S.C. § 101(22)(D). The court determined that the Board properly applied these statutory definitions to exclude Mr. Lynch's time in the ROTC and the Army Reserves from its calculation of his active service time. The court thus "f[ound] no error in" the Board's calculation of Mr. Lynch's period of active service. Appx. 7.

Next, the court determined that the Board's findings related to the merits of Mr. Lynch's claims were not clearly erroneous. Appx. 7–9. The court explained that, in declining to reopen 22 claims because there was no new and material evidence, the Board discussed the factual and procedural history of each claim and the new evidence

submitted before finding that the new evidence was either cumulative or not material.  Similarly, the court explained that the Board's findings denying service connection for 21 claims were supported by "detailed explanations."  Appx. 7.  The court concluded likewise for the Board's determinations:  (1) not to award an effective date earlier than July 3, 2013, for bilateral hearing loss and tinnitus and (2) to award a disability rating of 10% for tinnitus.  In making these determinations, the court explained, the Board "discussed at length the history of [Mr. Lynch]'s claims for these conditions" and appropriately applied the applicable law.  Appx. 8–9.  In sum, the court concluded that none of the Board's findings regarding Mr. Lynch's claims were clearly erroneous because the Board "provided an adequate statement of reasons or bases for" its factual findings.  Appx. 7–9.  The court therefore affirmed the Board's determination on the merits for these claims.

Finally, the court addressed Mr. Lynch's contention that the VA violated the Civil Rights Act of 1964 and HIPAA.  Because those allegations did not challenge any portion of the Board's decision, the court determined it did not have jurisdiction to address them.  Appx. 9 (citing 38 U.S.C. § 7252).  The court dismissed that portion of Mr. Lynch's appeal.

Mr. Lynch appeals.  We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

We have limited jurisdiction to review decisions of the Veterans Court.  We may not review the Board's factual findings, nor the Board's application of law to fact.  38 U.S.C. §§ 7292(c), (d)(2); *see also, e.g.*, *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).  Our review is limited to legal challenges regarding the "validity of any statute or regulation or any interpretation thereof, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  § 7292(c).

On appeal, Mr. Lynch again argues that (1) the VA miscalculated his period of "active duty"; (2) the Board should have reopened or granted service connection for certain claims; (3) certain records are erroneously not in his VA file; and (4) the VA and others, through conduct unrelated to the Board's decision on appeal, violated various statutes, including, among others, the Civil Rights Act of 1964, the Equal Employment Opportunity Commission (EEOC) program, and HIPAA. We affirm in part and dismiss in part.

We start with Mr. Lynch's argument that the Board miscalculated his "active duty" period by failing to include his time in the ROTC program at Virginia State College. As the Veterans Court explained, only certain types of service are considered "active duty" or "active duty for training" for benefits purposes. Appx. 6–7 (citing § 101(21)(A)–(22)(D)). The Board determined, and the Veterans Court agreed, that time spent participating in an ROTC program does not qualify as "active duty" or "active duty for training" as defined in the relevant statutes, § 101(21)(A) and (22)(D). Appx. 6–7, 30. On appeal, Mr. Lynch does not challenge the validity or constitutionality of any statute, but only the Board's determination that his time spent in an ROTC program did not fall within the statutory definitions of "active duty" or "active duty for training." Put otherwise, Mr. Lynch only challenges the Board's application of the relevant law to the facts of his case. We lack jurisdiction to review Mr. Lynch's challenge and therefore dismiss this portion of his appeal. § 7292(d)(2) (we may not review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case").

We turn next to Mr. Lynch's arguments that the Board should reopen or grant service connection for certain claims. The Board may reopen a claim for benefits "[i]f new and material evidence is presented." 38 U.S.C. § 5108(a). Whether evidence presented by a veteran is "new and

material" is a finding of fact. *See Livingston v. Derwinski*, 959 F.2d 224, 225–26 (Fed. Cir. 1992). Here, the Board found that the evidence submitted by Mr. Lynch was either cumulative to previously submitted evidence (i.e., was not new) or was not material. Appx. 30–46. Accordingly, the Board did not reopen Mr. Lynch's various claims for benefits. Mr. Lynch now appeals those factual findings. Because we do not have jurisdiction to review the Board's factual findings, we also dismiss this portion of his appeal. *See Livingston*, 959 F.2d at 226 (dismissing appeal challenging Board's finding that new and material evidence had not been submitted).

Similarly, we do not have jurisdiction to consider Mr. Lynch's argument that the Veterans Court erred in not ordering the VA to grant service connection for various claims. In order to receive compensation for disabilities, "a veteran must show 'service-connection.'" *Davis v. Principi*, 276 F.3d 1341, 1343 (Fed. Cir. 2002); *see also* 38 U.S.C. § 1110. As we explained in *Lynch I*, "[e]stablishing that an injury is service-connected is a factual" finding that "this court cannot review." 476 F. App'x at 405–06 (citing 38 U.S.C. § 7292(e)(1)). Here, Mr. Lynch challenges only the Board's finding that he failed to establish service connection for certain claims. We do not have jurisdiction to review these findings of fact. Accordingly, we dismiss the portions of Mr. Lynch's appeal regarding reopening or granting service connection for certain disability claims.

Mr. Lynch also argues that the VA should have included certain records in his file, citing the Veterans Claims Assistance Act (VCAA). The VCAA created the VA's "duty to assist," which obligates the VA to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate" his claim for benefits. 38 U.S.C. § 5103A(a)(1). As we explained in *Lynch I*, the "VA's compliance with the VCAA is outside our jurisdiction" because such an inquiry "involves factual issues." 476 F. App'x at 406; *see also, e.g.*, *Garrison v. Nicholson*, 494 F.3d 1366,

1370 (Fed. Cir. 2007) ("[D]etermining compliance with [the duty to assist] is a fact issue."). As we did in *Lynch I*, we dismiss this portion of Mr. Lynch's appeal for lack of jurisdiction.

Mr. Lynch next alleges that the VA and others violated various statutes, regulations, or programs.[3] Specifically, Mr. Lynch alleges that his former employers, both during and after his time of active service, discriminated against him in violation of various statutes. Mr. Lynch raised similar allegations in *Lynch I*. *See* 476 F. App'x at 406 (noting that "Mr. Lynch cite[d] 14 statutes and regulations . . . that he assert[ed]" were violated). As we explained in that case, "arguments that do not relate to the claims on appeal," such as those "asserting employment discrimination or workers compensation," cannot properly be raised before the Veterans Court. *Id.* Here, the Veterans Court properly determined that it did not have jurisdiction to address these claims. Appx. 9. As in *Lynch I*, we affirm the Veterans Court's determination that it lacks jurisdiction over these claims. *See* 476 F. App'x at 406.

Finally, on appeal to this court, Mr. Lynch alleges the violation of various laws, regulations, and programs that he did not raise before the Veterans Court. We do not have jurisdiction over claims related to Mr. Lynch's civilian career or claims of alleged violations that are raised for the first time on appeal. *See* 38 U.S.C. §§ 7292(c), (d)(1)–(2). We thus dismiss this portion of Mr. Lynch's appeal.

---

[3]    Mr. Lynch alleges violations of HIPAA; the Civil Rights Act of 1964; the Morill Acts of 1862 and 1890; the Office of Workers' Compensation Program (OWCP); the Vietnam Era Veterans' Readjustment Assistance Act (VEVRAA); the Uniformed Service Employment and Reemployment Rights Act (USERRA); the Federal Employees' Compensation Act (FECA); and the EEOC program.

CONCLUSION

Accordingly, we affirm-in-part and dismiss-in-part the judgment of the Veterans Court.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

COSTS

Costs to Appellee.