NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

————————————

**ARMANDO ARROYO-JUSINO,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

————————————

2016-2436

————————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-1036, Judge Alan G. Lance, Sr.

————————————

Decided: November 9, 2016

————————————

ARMANDO ARROYO-JUSINO, Springfield, MA, pro se.

ADAM E. LYONS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before PROST, *Chief Judge,* CLEVENGER, and REYNA,
*Circuit Judges.*

PER CURIAM.

Armando Arroyo-Jusino seeks review of the final deci-sion of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the denial by the Board of Veterans' Appeals ("Board") of his request for a determination of a service connection for post-traumatic stress disorder ("PTSD"). *Armando Arroyo-Jusino v. Robert A. McDonald,* No. 15-1036 (Vet. App. May 31, 2016), *reconsideration denied* (July 22, 2016). Because we conclude that Arroyo-Jusino's challenges are outside the scope of our jurisdiction, we *dismiss.*

## BACKGROUND

Arroyo-Jusino served on active duty in the U.S. Army from June 1964 to May 1966. His Veterans Administra-tion ("VA") service medical records do not indicate any complaints or treatment of a psychiatric condition. In February 1965, Arroyo-Jusino requested reassignment and in December 1965, he requested a hardship dis-charge. The stated bases for these requests were the illness of Arroyo-Jusino's mother and his need to be available to take care of her.

The earliest post-service record for Arroyo-Jusino is a letter dated April 1968 from Dr. LoBianco, in which he stated that Arroyo-Jusino was treated for physical inju-ries stemming from an April 1, 1968 car accident. The records of this treatment, from 1973-1979, do not reflect treatment for any psychiatric symptoms. A later letter from Dr. LoBianco in November 1986 stated that he treated Arroyo-Jusino from 1966 to 1969 for physical problems, but likewise did not reference psychiatric complaints or treatment. In 1981, Arroyo-Jusino under-went a VA psychiatric examination and was diagnosed with dysthymic disorder (persistent depressive disorder)

and alcohol dependence. A psychiatric examination report from the VA dated September 1987 contained a diagnosis of schizophrenia. However, as the Board determined, this document relates to a different person with the same last name of Arroyo-Jusino. The person diagnosed with schizophrenia had a different first name, social security number, and dates of service. Further, there is another report of psychiatric examination by the same doctor on the same date concerning Armando Arroyo-Jusino, diagnosing him with dysthymic disorder and alcohol dependence. There are a number of documents in Arroyo-Jusino's file dated after September 1987 that reference him having a history of schizophrenia, but, there is no document other than the September 1987 one that contains an actual diagnosis of schizophrenia.

In March 1999, Dr. Cabaero, a VA psychiatrist, diagnosed Arroyo-Jusino with major depression triggered by PTSD, delayed type, which means that there is a period of time between the traumatic event and the onset of symptoms. Dr. Cabaero attributed Arroyo-Jusino's trauma to his witnessing the death of his brother in 1960 and injuring a pedestrian while driving a car in 1962. The diagnosis did not link this condition to his military service. Arroyo-Jusino claims that he received psychiatric treatment prior to his service and that his pre-existing condition worsened during his service. However, there are no treatment records that confirm this.

In July 2012, Dr. D.C.E. from the VA reviewed Arroyo-Jusino's claim files and confirmed that the 1987 letter containing a diagnosis of schizophrenia was regarding a different person with the same last name as Arroyo-Jusino. He concluded that a diagnosis of schizophrenia in post-1987 documents was erroneously attributed to Arroyo-Jusino because of this letter. He thus concluded that dysthymic disorder, alcohol dependence, and PTSD were supported in the record, but that a diagnosis of schizophrenia was not.

Arroyo-Jusino first requested a disability rating based on service-connected PTSD in September 1997, and then again in October 2009, at the VA Regional Office ("RO") in Boston, Massachusetts. The RO denied his request, finding that Arroyo-Jusino did not have service-connected PTSD.

Arroyo-Jusino appealed these decisions to the Board in 2012, arguing that the VA failed in its duty to obtain evidence that would be favorable to his case. The evidence he referred to are letters that he claims were attached to his requests for reassignment and discharge in 1965 that were not included in his service records. The only medical professional who submitted a letter in support of the requests is Dr. Anthony D. LoBianco, D.O., a "doctor of osteopathic medicine with no apparent background in treating mental health" issues. *Arroyo-Jusino v. McDonald*, No. 15-1036, 2016 WL 3055638, at *1 (Vet. App. May 31, 2016). The Board found that no such letters ever existed and that there was "no basis to believe" that Dr. LoBianco "would have offered diagnoses or opinions beyond [his] area of expertise." *Jusino v. McDonald*, No. 12-3657, 2014 WL 4249972, at *2 (Vet. App. Aug. 29, 2014). Thus, in October 2012, the Board denied Arroyo-Jusino's claim of service connection for PTSD.

Arroyo-Jusino then appealed the Board's decision to the Veterans Court. In August 2014, the Veterans Court remanded the case, finding that "it [was] not clear why the Board believes that the letters did not exist, given the 1965 statement that the letters were attached." *Jusino*, 2014 WL 4249972, at *2. The Veterans Court requested that the Board provide "further explanation as to how VA satisfied its duty to assist Mr. Jusino with regard to the letters noted as being attached to the requests for reassignment and for hardship discharge." *Id*. at *3.

In 2015, on remand, the Board denied Arroyo-Jusino's claim again. It further considered whether the VA satisfied its duty to assist under the Veterans Claims Assis-

tance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 ("VCAA"). It determined that "there is no reasonable possibility that the letters attached to the petitions for reassignment or a hardship discharge . . . would help support the claim, and thus there is no duty to attempt to obtain them." Joint Appendix 41. The Board reasoned that because Arroyo-Jusino's requests were based on his mother's illness, any attached letters would "necessarily pertain to [her] condition" or "to the assertion that [Arroyo-Jusino] was the only one available to care for her." *Id*. at 42. Additionally, the Board found that the missing letters would not be helpful to Arroyo-Jusino's in-service PTSD claim because the other documents in his file referencing later examinations of Arroyo-Jusino by Dr. LoBianco and Dr. Florio did not make any mention of current or previous psychiatric condition or treatment.

On May 31, 2016, the Veterans Court affirmed the Board's decision. In a subsequent order, on July 22, 2016, the Veterans Court denied Arroyo-Jusino's motion for reconsideration on the basis that Arroyo-Jusino "fail[ed] to present any material argument or evidence that the Court overlooked or misunderstood." Joint Appendix 11. Arroyo-Jusino timely appealed to this court.

Arroyo-Jusino asks that this Court review the Veterans Court's denial of his motion for reconsideration. Specifically, he requests that this Court locate the missing letters from his previous requests and then consider all evidence on the record. First, Arroyo-Jusino asserts that the Board erred in not locating and considering the missing letters. Second, he contends that the Board disregarded several favorable medical opinions in his file. Next, Arroyo-Jusino criticizes the Board for failing to provide an adequate statement of its reasons and bases for its decision. Finally, Arroyo-Jusino says that the Board erred in not considering "new and material evidence," showing that he was treated while on active duty.

The Secretary argues that this appeal should be dismissed for lack of jurisdiction based on 38 U.S.C. § 7292(d)(2), which states that the Federal Circuit may not review factual determinations of the Veterans Court, and which is what it contends Arroyo-Jusino is asking for. Alternatively, the Secretary contends that if we were to hold that we do have jurisdiction to assess Arroyo-Jusino's claims that the Board ignored some evidence, this Court should still affirm the decision of the Veterans Court because it properly reviewed the evidence of record and the Board's weighing of that evidence.

### DISCUSSION

The scope of our review in an appeal from the Veterans Court is limited. We may review the validity of a decision with respect to a rule of a law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a) (2002). Except with respect to constitutional issues, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* at § 7292(d)(2).

Arroyo-Jusino argues here that the Veterans Court "ignored all evidence in his claim file" and disregarded a "favorable medical opinion." Pl.'s Informal Br. 1. He requests that this Court "locate [his] missing records for treatment while on active duty" and then "reconsider all evidence." *Id.* at 2, 4. Arroyo-Jusino's arguments challenge only the Veterans Court's application of law to the facts of his case, which are matters outside of this Court's jurisdiction. *See Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence ... are factual determinations committed to the discretion of the factfinder. We lack jurisdiction to review those determinations."); *DeLaRosa v. Peake*, 515 F.3d 1319, 1322 (Fed. Cir. 2008) ("Our jurisdiction precludes us from reviewing factual findings or even the application of

law to facts."). The Veterans Court's decision neither involved any questions regarding the validity or interpretation of a statute or regulation, nor did the court decide a constitutional issue. Rather, the Veterans Court applied the governing law to the factual findings made by the Board. This Court lacks jurisdiction to review that application. *See Davidson v. Shinseki*, 581 F.3d 1313, 1316 (Fed. Cir. 2009).

This court likewise does not possess jurisdiction to review Arroyo-Jusino's claim that the VA did not fulfill its duty to assist under VCAA. The VA has a duty to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim." 38 U.S.C. § 5103A(a)(1) (2012). But, the VA is not required to assist a claimant in obtaining identified records "if no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C. § 5103A(a)(2); *see also Golz v. Shinseki*, 590 F.3d 1317, 1323 (Fed. Cir. 2010) ("It is not the case that the government must obtain records in every case in order to rule out their relevance."). Whether the VA has fulfilled its duty to assist under the VCAA is a question of fact. *See Garrison v. Nicholson*, 494 F.3d 1366, 1370 (Fed. Cir. 2007). The Board in this case made a factual determination that the VA fulfilled its duty to assist. Thus, this Court has no jurisdiction to review it.

We have considered the additional arguments presented in Arroyo-Jusino's informal appeal briefs but do not find them persuasive. For these reasons, the appeal is dismissed for lack of jurisdiction.

**DISMISSED**

COSTS

No Costs.